**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **LYDIA TUMMEL AND HAROLD K. TUMMEL, INDIVIDUALLY, AND AS TRUSTEE OF THE KURT K. TUMMEL TRUST** | §<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO.** |
| **V.** | §<br>§<br>§ | **7:18-CV-00339** |
| **ROBERT MILANE, ROADRUNNER TRANSPORTATION SYSTEMS, INC. AND ROADRUNNER TRANSPORTATION SERVICES, INC.** | §<br>§<br>§<br>§<br>§<br>§ | **JURY DEMANDED** |

**COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Lydia Tummel and Harold K. Tummel, individually, and as trustee of the Kurt K. Tummel Trust, Plaintiffs, complaining of Robert Milane (Milane), Roadrunner Transportation Systems, Inc. (RR Systems), and Roadrunner Transportation Services, Inc. (RR Services), Defendants, and would respectfully show to the Court as follows:

**Parties**

1.      Plaintiffs are natural persons and citizens of the State of Texas.

2.    RR Systems is a Delaware for-profit corporation, and citizen of the State of Illinois. The principal place of business of RR Systems is located at 1431 Opus Place, Ste. 530, Downers Grove, IL 60515.  RR Systems does not have a registered agent for service of process in the State of Texas, but the wrongful conduct of RR Systems described herein was committed, in part, in the State of Texas. RR Systems may therefore be served with process in this case in the State of Texas, by serving the Texas Secretary of State pursuant to Texas Civil Practice & Remedies Code (TCPRC), Chapter 17.

3.    RR Services is a Delaware for-profit corporation, which is doing business in the State of Texas, and which may be served with process by serving its Texas registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

4.    At all times relevant to this case, RR Systems conducted much of its business activities through the employees of RR Services, a wholly owned direct subsidiary of RR Systems.

5.    Milane is a natural person and citizen of the State of Illinois.  Milane's usual place of business is located at 1431 Opus Place, Ste. 530, Downers Grove, IL 60515.  Milane does not have a registered agent for service of process in the State of Texas, but the wrongful conduct of Milane described herein was

committed, in part, in the State of Texas. Milane may therefore be served with process in this case in the State of Texas by serving the Texas Secretary of State pursuant to Texas Civil Practice & Remedies Code (TCPRC), Chapter 17.

6. At all times relevant to this case, Milane was an officer of RR Systems.

7. At all times relevant to this case, Milane was an officer of RR Services.

8. At all times relevant to this case, Milane was an employee of RR Services and/or RR Systems.

## Jurisdiction

9. The Court has jurisdiction in this case pursuant to 28 U.S.C. Section 1332(a)(1), because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds four million dollars.

## Venue

10. Venue in this Court is proper pursuant to 28 U.S.C. Section 1391(b)(2), because RR Services resides within the district.

## Facts

11. As shown by its 10-K Report to the U.S. Securities and Exchange Commission (SEC) for the year ended on 12-31-2014, RR Systems was operating

transportation facilities and providing transportation services throughout the State of Texas in 2014.

12. As shown by its website in 2014, RR Systems was recruiting Texas residents for employment in 2014.

13. Pursuant to TCPRC, Chapter 17, RR Systems was subject to suit in Texas state courts in 2014, as a result of the above-described conduct of RR Systems.

14. In 2014, Plaintiffs filed a garnishment action against RR Systems in the 332nd Texas District Court in Hidalgo County, Texas, which was docketed as Case No. C-7230-14-F (C7230).

15. Pursuant to TCPRC, Chapter 17, Plaintiffs served process (a writ of garnishment and post-judgment application for writ of garnishment) upon RR Systems in C7230, by serving the Texas Secretary of State (SOS).

16. Pursuant to TCPRC, Chapter 17, Plaintiffs identified to the Texas SOS the home office of RR Systems, for use by the Texas SOS in service of such process upon RR Systems by certified mail.

17. During 2014, the home office of RR Systems was located at 4900 S. Pennsylvania Avenue, Cudahy, WI 53110.

18. Pursuant to TCPRC, Chapter 17, the Texas SOS served such process upon RR Systems, by certified mail addressed to RR Systems at its home office in

Cudahy.

19. On 9-22-2014, the certified mail sent by the Texas SOS to RR Systems was digitally signed for by John DeGrace (DeGrace), an employee of Quicksilver Express Couriers, Inc., a company then employed by RR Systems and/or RR Services to bring mail from the Cudahy post office to RR Systems's home office in Cudahy.

20. Proof of DeGrace's digital signature in acknowledgment of receipt of the certified mail was remitted by the United States Postal Service (USPS) to the Texas SOS.

21. Upon receipt of such proof of delivery, the Texas SOS issued a certificate to Plaintiffs, in which the Texas SOS attested to the details and completion of its certified mail service upon RR Systems.

22. On 9-22-2014, DeGrace delivered the certified mail item to RR Systems at its home office, where it was signed for by Rani Streff, a person employed by RR Services.

23. Milane was the Vice President of Risk Management for RR Systems in September, 2014, and responsible for managing RR Systems' litigation, or some of it.

24. On 10-24-2014, and according to telephone call records of Time Warner Cable,

Inc., a telephone call was made by someone unknown to Plaintiffs from RR System's home office in Cudahy to the Edinburg, Texas office of Plaintiffs' counsel, Tummel & Casso (TC).

25. As of 10-24-2014, TC had never had any dealings with RR Systems, other than to serve process upon RR Systems as herein previously described.

26. RR Systems did not file an answer to the writ of garnishment, and on 10-27-2014 the 332nd Texas District Court entered a default judgment in favor of Plaintiffs and against RR Systems in C7230.

27. At all times relevant to this case, RR Systems was financially able to pay the C7230 judgment in full.

28. In 2015, Plaintiffs attempted to obtain payment of the judgment in C7230 by garnishing U.S. Bank, N.A. (USB).  The garnishment case against USB was docketed in the 332nd Texas District Court as Case No. C-5079-15-F (C5079).

29. USB removed C5079 to federal court, and answered that it was indebted to RR Systems or had money belonging to RR Systems in an amount exceeding four million dollars.

30. RR Systems intervened in the garnishment case against USB, and moved to dissolve the writ of garnishment.

31. The law firms of Greenberg Traurig, L.L.P. (GTLLP) and Atlas, Hall &

Rodriguez, L.L.P. (AHRLLP) were retained by RR Systems and RR Services, to represent RR Systems in the garnishment case against USB.

32.    GTLLP and AHRLLP represented RR Systems in the garnishment case against USB.

33.    In connection with its intervention in the garnishment case against USB, RR Systems filed a bill-of-review lawsuit against Plaintiffs in the 332nd Texas District Court, which was docketed as Case No. C-5964-15-F (C5964).

34.    GTLLP and AHRLLP were retained by RR Systems and RR Services, to represent RR Systems in C5964.

35.    GTLLP and AHRLLP represented RR Systems in C5964.

36.    In C5964, RR Systems sought a judgment vacating the judgment in C7230, on the alleged ground that RR Systems did not answer in C7230 because it was not served with process in C7230.

37.    Shortly after filing C5964, RR Systems filed a motion for summary judgment (MSJ) in C5964, by which RR Systems asked for a judgment vacating the C7230 judgment on the alleged ground that RR Systems was not served with process in C7230.

38.    As support for RR Systems's MSJ in C5964, RR Systems filed a declaration by Milane ("the Milane declaration") dated 12-3-2015.  Milane's declaration

was filed under penalty of perjury, pursuant to TCPRC Section 132.001. A true copy of the Milane declaration is hereto attached as **Ex. 1**.

39.    The statements contained in paragraph 6 of the Milane declaration were false.

40.    Paragraph 6 of the Milane declaration was the only evidence submitted by RR Systems in support of RR Systems's MSJ in C5964, as purported proof that RR Systems was not served with process in C7230.

41.    Plaintiffs timely filed a response to RR Systems's MSJ in C5964, together with summary judgment evidence which would have supported a finding that RR Systems was properly served with process in C7230.

42.    On 5-24-2016, the 332nd Texas District Court granted RR Systems's MSJ in C5964, and entered a judgement setting aside the judgement in C7230.

43.    Plaintiffs appealed from the judgment in C5964, without success.

44.    The use made of the Milane declaration in C5964, by Defendants, GTLLP and AHRLLP, was perjurious.

45.    The use made of the Milane declaration in C5964, by Defendants, GTLLP and AHRLLP, was a fraud on the 332nd Texas District Court.

46.    The Milane declaration was executed in the State of Wisconsin.

47.    Defendants transmitted the Milane declaration from  Wisconsin to Texas, by means of transmission described in 18 U.S.C. Section 1341 and/or 18 U.S.C.

Section 1343.

48. Defendants, GTLLP and AHRLLP caused the Milane declaration to be filed electronically with the Hidalgo County District Clerk (HCDC), by means of transmission described in 18 U.S.C. Section 1343.

49. Milane's employment relationship to RR Systems was jeopardized by the entry of the C7230 judgment, because Milane was ultimately responsible within the RR Systems organization for the handling of the C7230 suit papers served on RR Systems.

50. Milane was motivated to agree to and participate in the perjurious use of the Milane declaration in C5964, by Milane's desire to protect and preserve his employment relationship with RR Systems.

### Count I

51. Plaintiffs adopt here the allegations contained in paragraphs 1-44.

52. Defendants, GTLLP and AHRLLP agreed to undertake to obtain a judgment of the 332nd Texas District Court, which would vacate the judgment in C7230.

53. In furtherance of such agreement, Defendants, GTLLP and AHRLLP created the Milane declaration and transmitted it from Wisconsin to Texas where it was filed with the HCDC in C5964, by means of one or more transmissions described in 18 U.S.C. Section 1341 and/or 18 U.S.C. Section 1343.

54. Such conduct of Defendants, GTLLP and AHRLLP proximately caused or contributed to cause rendition of a judgment in C5964, which vacated the judgment in C7230, to the financial detriment of Plaintiffs.

55. Defendants are therefore liable to Plaintiffs, jointly and severally, under the Texas common law of civil conspiracy, for the amount of the judgment in C7230 which reasonably could have been paid out of the assets of RR Systems.

56. Defendants are therefore also liable to Plaintiffs for exemplary damages, pursuant to TCPRC, Chapter 41.

57. The running of periods of limitations applicable to such claims of Plaintiffs against Defendants have been equitably tolled, pending Plaintiffs' pursuit of appellate relief from the judgment in C5964.

## Count II

58. Plaintiffs adopt here the allegations contained in paragraphs 1-44.

59. Defendants, GTLLP and AHRLLP agreed to undertake to obtain a judgment of the 332nd Texas District Court, which would vacate the judgment in C7230.

60. In furtherance of such agreement, Defendants, GTLLP and AHRLLP created the Milane declaration and filed it with the HCDC  in C5964.  By his participation in such conduct, Milane committed the criminal offense of "aggravated perjury," within the meaning of Texas Penal Code (TPC) Section

37.03(a).

61. Such conduct of Defendants, GTLLP and AHRLLP proximately caused or contributed to cause rendition of a judgment in C5964, which vacated the judgment in C7230, to the financial detriment of Plaintiffs.

62. Defendants are therefore liable to Plaintiffs, jointly and severally, under the Texas common law of civil conspiracy, for the amount of the judgment in C7230 which reasonably could have been paid out of the assets of RR Systems.

63. Defendants are therefore also liable to Plaintiffs for exemplary damages, pursuant to TCPRC, Chapter 41.

64. The running of periods of limitations applicable to such claims of Plaintiffs against Defendants have been equitably tolled, pending Plaintiffs' pursuit of appellate relief from the judgment in C5964.

## Count III

65. Plaintiffs adopt here the allegations contained in paragraphs 1-44.

66. Defendants, GTLLP and AHRLLP agreed to undertake to obtain a judgment of the 332nd Texas District Court, which would vacate the judgment in C7230.

67. In furtherance of such agreement, Defendants, GTLLP and AHRLLP created the Milane declaration and filed it with the HCDC in C5964. By his participation in such conduct, Milane committed the criminal offense of

"aggravated perjury," within the meaning of TPC Section 37.03(a).  On account of its participation in such conduct, RR Systems was criminally responsible for the "aggravated perjury" committed by Milane, pursuant to TPC Sections 37.03(a) and 7.02(a)(2).

68.   Such conduct of Defendants, GTLLP and AHRLLP proximately caused or contributed to cause rendition of a judgment in C5964, which vacated the judgment in C7230, to the financial detriment of Plaintiffs.

69.   Defendants are therefore liable to Plaintiffs, jointly and severally, under the Texas common law of civil conspiracy, for the amount of the judgment in C7230 which reasonably could have been paid out of the assets of RR Systems.

70.   Defendants are therefore also liable to Plaintiffs for exemplary damages, pursuant to TCPRC, Chapter 41.

71.   The running of periods of limitations applicable to such claims of Plaintiffs against Defendants have been equitably tolled, pending Plaintiffs' pursuit of appellate relief from the judgment in C5964.

### Count IV

72.   Plaintiffs adopt here the allegations contained in paragraphs 1-44.

73.   Defendants, GTLLP and AHRLLP agreed to undertake to obtain a judgment of the 332nd Texas District Court, which would vacate the judgment in C7230.

74. In furtherance of such agreement, Defendants, GTLLP and AHRLLP created the Milane declaration and filed in with the HCDC in C5964. By his participation in such conduct, Milane committed the criminal offense of "aggravated perjury," within the meaning of TPC Section 37.03(a). On account of its participation in such conduct, RR Services was criminally responsible for the "aggravated perjury" committed by Milane, pursuant to TPC Sections 37.03(a) and 7.02(a)(2).

75. Such conduct of Defendants, GTLLP and AHRLLP proximately caused or contributed to cause rendition of a judgment in C5964, which vacated the judgment in C7230, to the financial detriment of Plaintiffs.

76. Defendants are therefore liable to Plaintiffs, jointly and severally, under the Texas common law of civil conspiracy, for the amount of the judgment in C7230 which reasonably could have been paid out of the assets of RR Systems.

77. Defendants are therefore also liable to Plaintiffs for exemplary damages, pursuant to TCPRC, Chapter 41.

78. The running of periods of limitations applicable to such claims of Plaintiffs against Defendants have been equitably tolled, pending Plaintiffs' pursuit of appellate relief from the judgment in C5964.

## Count V

79.    Plaintiffs adopt here the allegations contained in paragraphs 1-44.

80.    Defendants, GTLLP and AHRLLP agreed to undertake to obtain a judgment of the 332nd Texas District Court, which would vacate the judgment in C7230.

81.    In furtherance of such agreement, Defendants, GTLLP and AHRLLP created the Milane declaration and filed it with the HCDC  in C5964.  By his participation in such conduct, Milane committed the criminal offense of "aggravated perjury," within the meaning of TPC Section 37.03(a).  On account of their participation in such conduct, GTLLP and AHRLLP were criminally responsible for the "aggravated perjury" committed by Milane, pursuant to TPC Sections 37.03(a) and 7.02(a)(3).

82.    Such conduct of Defendants, GTLLP and AHRLLP proximately caused or contributed to cause rendition of a judgment in C5964, which vacated the judgment in C7230, to the financial detriment of Plaintiffs.

83.    Defendants are therefore liable to Plaintiffs, jointly and severally, under the Texas common law of civil conspiracy, for the amount of the judgment in C7230 which reasonably could have been paid out of the assets of RR Systems.

84.    Defendants are therefore also liable to Plaintiffs for exemplary damages, pursuant to TCPRC, Chapter 41.

85. The running of periods of limitations applicable to such claims of Plaintiffs against Defendants have been equitably tolled, pending Plaintiffs' pursuit of appellate relief from the judgment in C5964.

## Count VI

86. Plaintiffs adopt here the allegations contained in paragraphs 1-44.

87. Defendants, GTLLP and AHRLLP agreed to undertake to obtain a judgment of the 332nd Texas District Court, which vacate the judgment in C7230.

88. In furtherance of such agreement, Defendants, GTLLP and AHRLLP created the Milane declaration and filed it with the HCDC  in C5964.  By his participation in such conduct, Milane committed the criminal offense of "tampering with or fabricating physical evidence," within the meaning of TPC Section 37.09(a)(2).

89. Such conduct of Defendants, GTLLP and AHRLLP proximately caused or contributed to cause rendition of a judgment in C5964, which vacated the judgment in C7230, to the financial detriment of Plaintiffs.

90. Defendants are therefore liable to Plaintiffs, jointly and severally, under the Texas common law of civil conspiracy, for the amount of the judgment in C7230 which reasonably could have been paid out of the assets of RR Systems.

91. Defendants are therefore also liable to Plaintiffs for exemplary damages,

pursuant to TCPRC, Chapter 41.

92.    The running of periods of limitations applicable to such claims of Plaintiffs against Defendants have been equitably tolled, pending Plaintiffs' pursuit of appellate relief from the judgment in C5964.

**Count VII**

93.    Plaintiffs adopt here the allegations contained in paragraphs 1-44.

94.    Defendants, GTLLP and AHRLLP agreed to undertake to obtain a judgment of the 332nd Texas District Court, which would vacate the judgment in C7230.

95.    In furtherance of such agreement, Defendants, GTLLP and AHRLLP created the Milane declaration and filed it with the HCDC  in C5964.  By his participation in such conduct, Milane committed the criminal offense of "tampering with or fabricating physical evidence," within the meaning of TPC Section 37.09(a)(2).  On account of its participation in such conduct, RR Systems was criminally responsible for the "tampering with or fabricating physical evidence" committed by Milane, pursuant to TPC Sections 37.09(a)(2) and 7.02(a)(2).

96.    Such conduct of Defendants, GTLLP and AHRLLP proximately caused or contributed to cause rendition of a judgment in C5964, which vacated the judgment in C7230, to the financial detriment of Plaintiffs.

97.   Defendants are therefore liable to Plaintiffs, jointly and severally, under the Texas common law of civil conspiracy, for the amount of the judgment in C7230 which reasonably could have been paid out of the assets of RR Systems.

98.   Defendants are therefore also liable to Plaintiffs for exemplary damages, pursuant to TCPRC, Chapter 41.

99.   The running of periods of limitations applicable to such claims of Plaintiffs against Defendants have been equitably tolled, pending Plaintiffs' pursuit of appellate relief from the judgment in C5964.

### Count VIII

100.   Plaintiffs adopt here the allegations contained in paragraphs 1-44.

101.   Defendants, GTLLP and AHRLLP agreed to undertake to obtain a judgment of the 332nd Texas District Court, which would vacate the judgment in C7230.

102.   In furtherance of such agreement, Defendants, GTLLP and AHRLLP created the Milane declaration and filed it with the HCDC  in C5964.  By his participation in such conduct, Milane committed the criminal offense of "tampering with or fabricating physical evidence," within the meaning of TPC Section 37.09(a)(2).  On account of its participation in such conduct, RR Services was criminally responsible for the "tampering with or fabricating physical evidence" committed by Milane, pursuant to TPC Sections

37.09(a)(2) and 7.02(a)(2).

103. Such conduct of Defendants, GTLLP and AHRLLP proximately caused or contributed to cause rendition of a judgment in C5964, which vacated the judgment in C7230, to the financial detriment of Plaintiffs.

104. Defendants are therefore liable to Plaintiffs, jointly and severally, under the Texas common law of civil conspiracy, for the amount of the judgment in C7230 which reasonably could have been paid out of the assets of RR Systems.

105. Defendants are therefore also liable to Plaintiffs for exemplary damages, pursuant to TCPRC, Chapter 41.

106. The running of periods of limitations applicable to such claims of Plaintiffs against Defendants have been equitably tolled, pending Plaintiffs' pursuit of appellate relief from the judgment in C5964.

## Count IX

107. Plaintiffs adopt here the allegations contained in paragraphs 1-44.

108. Defendants, GTLLP and AHRLLP agreed to undertake to obtain a judgment of the 332nd Texas District Court, which would vacate the judgment in C7230.

109. In furtherance of such agreement, Defendants, GTLLP and AHRLLP created the Milane declaration and filed it with the HCDC  in C5964.  By his participation in such conduct, Milane committed the criminal offense of

"tampering with or fabricating physical evidence," within the meaning of TPC Section 37.09(a)(2). On account of their participation in such conduct, GTLLP and AHRLLP were criminally responsible for the "tampering with or fabricating physical evidence" committed by Milane, pursuant to TPC Sections 37.09(a)(2) and 7.02(a)(3).

110. Such conduct of Defendants, GTLLP and AHRLLP proximately caused or contributed to cause rendition of a judgment in C5964, which vacated the judgment in C7230, to the financial detriment of Plaintiffs.

111. Defendants are therefore liable to Plaintiffs, jointly and severally, under the Texas common law of civil conspiracy, for the amount of the judgment in C7230 which reasonably could have been paid out of the assets of RR Systems.

112. Defendants are therefore also liable to Plaintiffs for exemplary damages, pursuant to TCPRC, Chapter 41.

113. The running of periods of limitations applicable to such claims of Plaintiffs against Defendants have been equitably tolled, pending Plaintiffs' pursuit of appellate relief from the judgment in C5964.

### Jury Demand

114. Plaintiffs demand a trial by jury of all disputed issues of fact.

## Prayer

115. Wherefore, premises considered, Plaintiffs pray that the Court render judgment for Plaintiffs and against Defendants, for compensatory damages, exemplary damages, pre-judgment interest, costs of court, and post-judgment interest, and that the Court grant Plaintiffs such additional relief to which Plaintiffs may show legal entitlement.

Respectfully submitted,
/s/Harold K. Tummel
State Bar No. 20286675
ken@tummelcasso.com
Tummel & Casso
7001 North 10th Street, Suite 201
McAllen, Texas 78504
Telephone:  (956) 664-2222
Telecopier:  (956) 664-0522

/s/Peter T. Martin
State Bar No. 13115150
pmartin@pmartinlaw.com
Martin & Martin Law, P.C.
8541 Groveland
Dallas, Texas 71258
Telephone: (214)528-0890
Telecopier: (214)528-5428

**ATTORNEYS FOR PLAINTIFFS**