UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LYDIA TUMMEL, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 7:18-CV-339 |
| § | |
| ROBERT MILANE, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court are Robert Milane ("Defendant Milane"); Roadrunner Transportation Systems, Inc. ("RR Systems"); and Roadrunner Transportation Services, Inc.'s ("RR Services") (collectively "Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6),[1] the response[2] filed by Lydia Tummel, Harold K. Tummel, individually and as trustee of the Kurt K. Tummel Trust (collectively "Plaintiffs"); and Defendants' reply.[3] Also before the Court is Defendants' motion to dismiss pursuant to the Texas Citizen's Participation Act ("TCPA"),[4] Plaintiffs' response,[5] as well as Defendants' reply[6] and Defendants' supplemental brief in support.[7]

Finally, also pending are Plaintiffs' motion for leave to file an amended complaint,[8] and Defendants' opposed motion for extension of time to reply to Plaintiffs' responses to

---

[1] Dkt. No. 11.
[2] Dkt. No. 18.
[3] Dkt. No. 22.
[4] Dkt. No. 15.
[5] Dkt. No. 19.
[6] Dkt. No. 23.
[7] Dkt. No. 26.
[8] Dkt. No. 6.

Defendants' dismissal motions,[9] Plaintiffs' response to Defendants' extension of time request,[10] and Defendants' reply.[11]

After duly considering the record and relevant authorities, the Court **GRANTS** Defendants' motion to dismiss pursuant to Rule 12(b)(6) as follows and **DISMISSES** Plaintiffs' action **WITH PREJUDICE**. The Court also **DENIES** Plaintiffs' motion for leave to amend, **DENIES as moot** Defendants' motion for extension of time to reply, and **DENIES as moot** Defendants' motion to dismiss pursuant to the TCPA.

## I. BACKGROUND

The instant case arises from a state court garnishment action filed by Plaintiffs against Defendants. In 2014 Plaintiffs filed a writ of garnishment (hereinafter "First Garnishment Lawsuit") against RR Systems.[12] Plaintiffs allege that despite the fact that RR Systems was properly served, RR Systems did not file an answer to the writ of garnishment.[13] On October 27, 2014, a Texas state court entered a default judgment in favor of Plaintiffs.[14]

Plaintiffs attempted to obtain payment of the judgment by filing a garnishment case (hereinafter "Second Garnishment Lawsuit") against U.S. Bank, N.A.[15] U.S. Bank, N.A. removed the Second Garnishment Lawsuit to federal court, RR Systems intervened, and moved to dissolve the writ of garnishment.[16]

In connection with its intervention in the Second Garnishment Lawsuit, RR Systems filed a bill-of-review lawsuit ("Bill of Review Lawsuit") against Plaintiffs seeking to vacate the judgment obtained in the First Garnishment Lawsuit on the alleged ground that RR Systems was

---

[9] Dkt. No. 20.
[10] Dkt. No. 24.
[11] Dkt. No. 25.
[12] Dkt. No. 4 p. 4, ¶ 14. This was docketed as Case No. C-7230-14-F(C7230).
[13] *Id.* at p. 6, ¶ 26.
[14] *Id.*
[15] *Id.* ¶ 28. The garnishment case was docketed as Case No. C-5076-15-F(C5079).
[16] *Id.* ¶¶ 29–30.

not served with process.[17] The law firms Greenberg Traurig, L.L.P. ("GT") and Atlas, Hall & Rodriguez, L.L.P. ("AHR") were retained by RR Systems and RR Services to represent RR Systems in the Bill of Review Lawsuit.[18]

RR Systems sought summary judgment in the Bill of Review Lawsuit and attached to that motion a declaration by Defendant Milane ("Milane Declaration"),[19] which was filed under penalty of perjury.[20] The Milane Declaration stated that RR Systems did not receive any documents related to the First Garnishment Lawsuit and thus were not properly served.[21] Plaintiffs allege that this statement is false.[22] The Milane Declaration also states that RR Systems learned of the First Garnishment Lawsuit after U.S. Bank, N.A. notified RR Systems of the Second Garnishment Lawsuit.[23]

In the Bill of Review Lawsuit, summary judgment was granted in favor of RR Systems and a judgment was entered setting aside the judgment of garnishment from the First Garnishment Lawsuit.[24] Plaintiffs appealed twice, but were denied relief.[25] Plaintiffs allege that the use of the Milane Declaration was a fraud on the Texas state court and was perjurious.[26]

On these facts, Plaintiffs filed suit in this Court,[27] and amended as a matter of course.[28] In the live pleading, Plaintiffs bring nine counts of Texas common law civil conspiracy and seek damages.[29] Plaintiffs charge that Defendants, along with GT and AHR, violated federal and state statutes. Namely, Plaintiffs allege violations of 18 U.S.C. § 1341 and/or 18 U.S.C. § 1343;

---

[17] *Id.* p. 7, ¶ 33, 37. The Bill of Review Lawsuit was docketed as Case No. C-5964-15-F(C5964).
[18] *Id.* ¶ 31.
[19] *See* Dkt. No. 4-1.
[20] Dkt. No. 4, p. 7, ¶ 38.
[21] Dkt. No. 4-1 p. 3, ¶ 6.
[22] Dkt. No. 4 p. 8, ¶ 40.
[23] Dkt. No. 4-1 p. 3, ¶ 6.
[24] *Id.* ¶ 42.
[25] *Id.* ¶ 43.
[26] *Id.* ¶¶ 44–45.
[27] Dkt. No. 1.
[28] Dkt. No. 4.
[29] *Id.*

"aggravated perjury" within the meaning of the Texas Penal Code § 37.03(a) and 7.02(a)(2); and "tampering with or fabricating physical evidence," within the meaning of Texas Penal Code 37.09(a)(2).[30] Plaintiffs additionally filed another motion for leave to amend.[31]

Subsequently, Defendants filed concurrent motions to dismiss: the first seeking dismissal for failure to state a claim pursuant to Rule 12(b)(6),[32] and the second seeking dismissal pursuant to the TCPA.[33] Plaintiffs responded to both motions,[34] and Defendants replied.[35] Additionally, Defendants filed a motion for an extension of time to file replies to Plaintiffs' responses,[36] Plaintiffs responded,[37] and Defendants replied.[38] The Court now turns to its analysis.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[39] Although this does not require extensive detail, the pleading must contain "more than labels and conclusions" and go beyond "a formulaic recitation of the elements."[40] The Court regards all well-pled facts as true; however conclusory allegations are not entitled to the same presumption of truth.[41] These well-pled facts are viewed in the light most favorable to the plaintiff.[42] The Court may dismiss a complaint if the complaint fails to state a

---

[30] *See id.*
[31] Dkt. No. 6; *see* Fed. R. Civ. P. 15(a)(2).
[32] Dkt. No. 11.
[33] Dkt. No. 15.
[34] Dkt. No. 18 (Plaintiffs' response to first motion to dismiss); Dkt No. 19 (Plaintiffs' response to second motion to dismiss).
[35] Dkt. No. 22 (Defendants' reply in support of the first motion to dismiss); Dkt. No. 23 (Defendants' reply in support of the second motion to dismiss).
[36] Dkt. No. 20.
[37] Dkt. No. 24.
[38] Dkt. No. 25.
[39] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), cert. denied, 552 U.S. 1182 (2008) (internal quotations omitted).
[40] *See Twombly*, 550 U.S. at 555.
[41] *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).
[42] *Id.*

claim upon which relief can be granted, or if the pleading does not assert enough facts to support a plausible claim for relief.[43]

As to any question of state law, because jurisdiction is based on diversity, this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[44] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[45]

The general rule is that "in deciding whether to grant a motion to dismiss, a district court may not go outside the complaint."[46] However, a court may refer to any document relied on by the plaintiff.[47] Here, Plaintiff attached the Milane Declaration to the complaint.[48] As a result, the Court may consider the Milane Declaration during its analysis.

### III. ANALYSIS

As initial matters, the Court considers Plaintiffs' motion for leave to amend and Defendants' motion for an extension of time.

#### a. Motion to Amend

Plaintiffs request leave to amend their live complaint in order to correct typographical errors, and to change the residence address of Defendant Milane.[49] Plaintiffs attach a proposed amended complaint with these changes.[50]

---

[43] *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.
[44] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (U.S. 1938).
[45] *Exxon Co. U.S.A, Div. of Exxon Corp.*, 889 F.2d at 675 (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[46] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) (internal quotation marks and citation omitted).
[47] *See Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("[A] court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'") (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[48] *See* Dkt. No. 4-1.
[49] Dkt. No. 6.

The Court holds that leave to amend should be denied. Rule 15(a) provides that leave to amend a party's pleading "shall be freely given when justice so requires."[51] Indeed, the Fifth Circuit has stated that "a district court must possess a 'substantial reason' to deny a request for leave to amend."[52] In determining whether to allow leave to amend a pleading, courts examine whether there was 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment.[53] In the absence of any of these factors, the Court should freely grant the requested leave.[54] Nevertheless, the decision to grant leave to amend lies within the Court's discretion.[55]

Here, the Court concludes that Plaintiffs' proposed amendment would not cure the deficiencies of Plaintiffs' live complaint. As the Court will explain, Plaintiffs' complaint states no cognizable claim. Plaintiffs' proposed amended complaint is almost entirely identical to Plaintiffs' live complaint. The change in address and the typographical changes make no difference to any claim. Accordingly, the Court concludes granting Plaintiffs leave to file the proposed amended complaint would be futile and leave to amend is thereby **DENIED**.

b. **Motion for Extension of Time**

The Court also considers Defendants' request for an extension of time to reply to Plaintiffs' responses due to the Christmas holidays.[56] Defendants have since replied within the deadline.[57] Accordingly, the motion for an extension of time is **DENIED as moot**.

---

[50] Dkt. No. 6-1.
[51] Fed. R. Civ. P. 15(a). *See also Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted) (noting that the language of Rule 15(a) "evinces a bias in favor of granting leave to amend").
[52] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Lyn-Lea Travel Corp.*, 283 F.3d at 286)).
[53] *Id.* (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).
[54] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[55] *Smith*, 393 F.3d at 595 (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).
[56] Dkt. No. 20.

### c. Rule 12(b)(6) Motion to Dismiss

Defendants argue dismissal is warranted under Rule 12(b)(6) for two reasons: (1) Plaintiffs' claims for civil conspiracy fail because they do not have a private right of action to allege criminal statute violations against Defendants and they do not allege independent tort claims, and (2) any civil claims regarding the Milane Declaration are collaterally estopped.

Plaintiffs respond that under Texas law, to state a claim of civil conspiracy, the underlying act need not be a tort, but could be a criminal act. Additionally, in response to the argument that their claims are barred by collateral estoppel, Plaintiffs make lengthy arguments regarding the deficiencies of the judgment in the Bill of Review Lawsuit.[58]

Because the issue of collateral estoppel could eliminate the need for the Court to consider the substance of Plaintiffs' claims, the Court will first consider whether Plaintiffs' claims are collaterally estopped before turning to whether Plaintiffs' claims of civil conspiracy should be dismissed for a failure to state claim.

#### i. Collateral Estoppel

In the instant case, the judgment in question was entered by a Texas state court, therefore this Court applies Texas rules of preclusion.[59] In Texas, the following conditions must be met before collateral estoppel may be applied to bar relitigation of an issue previously decided by a court of competent jurisdiction:

> (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.[60]

---

[57] *See* Dkts. No. 22, 23. Plaintiff's responses were filed on December 20, 2018, and Defendants' replies were filed on December 27, 2018. L.R. 7.4(E) provides that a party may file a reply brief within seven days from the date the response is filed.
[58] *See* Dkt. Nos. 18, 18-2.
[59] *Garner v. Lehrer (In re Garner)*, 56 F.3d 677, 679 (5th Cir. 1995).
[60] *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984).

Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated unsuccessfully in another action against the same or a different party.[61] The burden of demonstrating an issue is collaterally estopped is on the party asserting the doctrine.[62] "Collateral estoppel does not preclude litigation of an issue unless both the facts and the legal standard used to assess them are the same in both proceedings."[63] "[W]hen an issue is properly raised, by the pleadings or otherwise, and is submitted for determination and is determined, the issue is actually litigated for collateral estoppel purposes."[64]

Defendants argue that Plaintiffs' civil claims regarding the Milane Declaration are collaterally estopped. Here, Plaintiffs bring nine causes of action based on civil conspiracy, each cause of action is premised on allegations that Defendants, in concert with the law firms GT and AHR, violated federal and state statutes by utilizing the allegedly perjurious and fraudulent Milane Declaration in the Bill of Review Lawsuit.[65] Defendants argue that any issue relating to the Milane Declaration was already litigated in the Bill of Review Lawsuit and in support attach the orders from the 332nd District Court granting summary judgment in the Bill of Review Lawsuit,[66] the ruling by the Thirteen Circuit Court of Appeals denying Plaintiffs' appeal,[67] and the Texas Supreme Court decision denying review.[68] Each is judicially noticed.[69]

The Court finds that Defendants have not met their burden of demonstrating each element of collateral estoppel is met. Plaintiffs' claims here relate to alleged perjury and corresponding

---

[61] *United States v. Mendoza*, 464 U.S. 154, 159 n.4 (1984).
[62] *See Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).
[63] *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1422 (5th Cir. 1995).
[64] *Garner v. Lehrer (In re Garner),* 56 F.3d 677, 680 (5th Cir. 1995) (quotations omitted).
[65] *See* Dkt. No. 4 pp. 9–19.
[66] Dkt. No. 11-1.
[67] Dkt. No. 11-2.
[68] Dkt. No. 11-3.
[69] *See* Fed. Evid. R. 201.

fraud that arose from the use of the Milane Declaration, and do not concern whether Defendants' were entitled to judgment in the Bill of Review Lawsuit. (Although the Court notes that raising such arguments was clearly Plaintiffs' intention in bringing this suit). The documents provided by Defendant merely indicate that a judgment was issued in the Bill of Review Lawsuit and Plaintiffs' subsequent appeals were denied.[70] The opinions are short and do not contain any information about the substance of the issues raised in the Bill of Review Lawsuit regarding the Milane Declaration. In particular, the Court has no information whether the argument that the Milane Declaration was perjurious was litigated in the Bill of Review Lawsuit and because Defendants bear the burden on this issue, the Court finds they have not met it. Thus, Plaintiffs' claims are not collaterally estopped.

Accordingly, the Court finds it unnecessary to address Plaintiffs' lengthy arguments regarding the deficiencies in the judgment in the Bill of Review Lawsuit. Plaintiffs attach **1,221** pages of exhibits[71] and make no argument why this extremely voluminous documentation is appropriate to consider on a motion to dismiss inquiry.[72] Further, Plaintiffs' arguments focus not on whether the perjurious nature of the Milane Declaration was previously litigated, but on whether there is "evidence to support a finding [] that [RR Systems'] 'no service of process claim' in [the First Garnishment Lawsuit] was not fully and fairly litigated . . . ."[73]

This issue is not before the Court. Plaintiffs' claims in this suit do not concern the service of process argument, and if they did, Defendants' evidence regarding the judgment and appeals issued by Texas state courts in the Bill of Review Lawsuit *would* collaterally estop such claims. However, since Plaintiffs' claims are based on allegations that the Milane Declaration is based

---

[70] *See* Dkt. Nos. 11-1, 11-2, 11-3.
[71] *See* Dkt. No. 18-2.
[72] The general rule is that in deciding whether to grant a motion to dismiss, a district court may consider documents outside the pleadings. *Gines*, 699 F.3d at 820.
[73] Dkt. No. 1 p. 10.

on perjury and any civil claims that may arise from that perjury, Defendants have not met their burden on demonstrating that these claims are collaterally estopped.

Based on the foregoing, the Court finds that Plaintiffs' civil claims founded on the alleged perjury contained in the Milane Declaration are not barred by collateral estoppel. The Court now turns to whether Plaintiffs' claims that the use of the Milane Declaration gives rise to claims of civil conspiracy are cognizable as plead.

### ii. Civil conspiracy

In Texas, a civil conspiracy is defined as "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means."[74] Once a civil conspiracy is found, each co-conspirator is responsible for the actions of the other co-conspirators made in furtherance of the conspiracy.[75]

But the gist of a civil conspiracy "is the damage resulting from commission of a wrong which injures another, and not the conspiracy itself."[76] The concept of civil conspiracy is used to extend liability in tort beyond the active wrongdoer to those who have merely planned, assisted, or encouraged his or her acts.[77] Thus, an actionable civil conspiracy "consists of acts which would have been actionable against the conspirators individually."[78]

Accordingly, civil conspiracy is not an independent tort, but rather a vehicle for expanding liability, and proof of a civil conspiracy is not, in and of itself, a recoverable harm.[79] To establish the required "overt act," a plaintiff must show that the defendant committed an act

---

[74] *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.,* 435 S.W.2d 854, 856 (Tex. 1968) (quoting *Great Nat'l Life Ins. Co. v. Chapa,* Tex. 377 S.W.2d 632, 635 (1964)).
[75] *Akin v. Dahl*, 661 S.W.2d 917, 921 (Tex. 1983).
[76] *Schlumberger Well Surveying Corp,* 435 S.W.2d at 856.
[77] *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925-26 (Tex. 1979).
[78] *Int'l Bankers Life Ins. Co. v. Holloway,* 368 S.W.2d 567, 581 (Tex. 1963)
[79] *Belz v. Belz*, 667 S.W.2d 240, 243 (Tex. App.--Dallas 1984, writ ref'd n.r.e.).

that, if done alone, would give rise to a cause of action.[80] On this basis some courts have determined that civil conspiracy "is a derivative tort. That is, a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable."[81] Without an independent civil cause of action, there can be no claim of civil conspiracy. "A conspiracy cannot be made the subject of a civil action, although damages result, unless something is done which without the conspiracy would give a right of action."[82] Thus, "[i]f a plaintiff fails to state a separate underlying claim on which the court may grant relief, then a claim for civil conspiracy necessarily fails."[83]

The essence of a civil conspiracy claim is to extend underlying liability. Thus, Plaintiff cannot bring civil conspiracy claims against Defendants as conspirators when Plaintiff cannot do so against each Defendant individually. Such is the case here. The Court concludes none of Plaintiffs' claims are an independent civil cause of action. The Court will briefly consider separately each count brought in Plaintiffs' complaint.

Count I alleges a civil conspiracy by Defendants, along with GT and AHR, to violate 18 U.S.C. §§ 1341 and 1343.[84] But, "[t]he federal mail and wire fraud criminal statutes, 18 U.S.C. §§ 1341 and 1343, do not create a private right of action."[85] Additionally, there is no general right to bring a private action under federal criminal statutes.[86] "[A] private citizen lacks a

---

[80] *Markman v. Lachman*, 602 S.W.2d 350, 352 (Tex. Civ. App.—Texarkana 1980) (citing *Holloway*, 368 S.W.2d 567.
[81] Tilton v. Marshall, 925 S.W.2d 672, 681 (Tex. 1996).
[82] *Delz v. Winfree*, 80 Tex. 400, 403, 16 S.W. 111, 111 (1891).
[83] *Meadows,* 492 F.3d at 640 (citing *Tilton*, 925 S.W.2d at 681).
[84] Dkt. No. 4 p. 9, ¶ 53.
[85] *Drake v. Costume Armour, Inc.*, No. H-16-3607, 2017 U.S. Dist. LEXIS 154265, at *13 (S.D. Tex. Sep. 6, 2017); *see Thompson v. Wells Fargo Bank, N.A.*, Civ. Action No. H-15-598, 2016 U.S. Dist. LEXIS 4462 at *3 (S.D. Tex. Jan. 14, 2016) (unpublished)(citing *Napper v. Anderson, Henley, Shields, Bradford & Pritchard,* 500 F.2d 634, 636 (5th Cir. 1974) (no private right of action for federal mail or wire fraud)).
[86] *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress."); *see Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003); *Cort v. Ash*, 422 U.S. 66, 79 (1975).

judicially cognizable interest in the prosecution or nonprosecution of another."[87] Thus, alleged violations of 18 U.S.C. §§ 1341 and 1343 fail to state a claim underlying the conspiracy alleged in Count I, and, accordingly, this civil conspiracy claim must be dismissed.

Count II alleges that Defendants, along with GT and AHR, engaged in a conspiracy to violate Texas Penal Code Section 37.03(a).[88] Section 37.03(a) of the Texas Penal Code provides that an act of "aggravated perjury" is a "felony of the third degree."[89] However, "allegations of perjury are not properly before a trial court in a civil proceeding and must take place within the context of a criminal proceeding."[90] As with violations of federal statutes, a state criminal statute does not, without clear indication of such intent, give rise to a private cause of action.[91] Here there is no indication that the Texas state legislature intended a private cause of action to attach to § 37.03(a).[92] Therefore, the Court concludes Plaintiffs fail to state a claim underlying Count II, and, accordingly, this civil conspiracy claim must be dismissed.

In Counts III through V Plaintiffs bring identical causes of action based on nearly identical factual allegations. Each Count alleges that Defendants, along with GT and AHR, engaged in a conspiracy to violate Texas Penal Code §§ 37.03(a) and 7.02(a)(2).[93] As set forth above, § 37.03(a) of the Texas Penal Code is not a viable civil cause of action and provides no basis for Plaintiffs' conspiracy claims.[94] Similarly, Texas Penal Code § 7.02(a)(2) is a criminal statute for "aiding and abetting" which provides: "[a] person is <u>criminally responsible</u> for an

---

[87] *Leeke v. Timmerman*, 454 U.S. 83, 86 (1981).
[88] Dkt. No. 4 p. 10, ¶ 60, p. 11.
[89] Tex. Penal Code § 37.03.
[90] *Draper v. Guernsey*, No. 03-16-00745-CV, 2017 Tex. App. LEXIS 4496 at *4 (Tex. App.—Austin May 18, 2017, pet. denied) (court dismissed perjury claims raised under Texas Penal Code § 37.02).
[91] *See* Beach v. Beach, No. H-18-4632, 2019 U.S. Dist. LEXIS 3439, at *3 (S.D. Tex. Jan. 7, 2019) ("The executive branches of the state and federal government have exclusive jurisdiction to commence criminal charges."); *see also Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004).
[92] *See Albert v. Zehetner*, No. 4:17-CV-458-ALM-CAN, 2017 U.S. Dist. LEXIS 214567, at *13 (E.D. Tex. Nov. 6, 2017) rec. adopted 2018 U.S. Dist. LEXIS 3331 (E.D. Tex. Jan. 8, 2018) (dismissing claims brought under Texas Penal Code § 37.03(a) as such causes of action are "not properly before a trial court in a civil proceeding.").
[93] Dkt. No. 4 p. 11, ¶ 67, p. 13, ¶ 74, p. 14, ¶ 18.
[94] *See Zehetner*, 2017 U.S. Dist. LEXIS 214567, at *13.

offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense . . . ."[95] First, the plain meaning of this statue clearly demonstrates it is a criminal statute and provides no indication this was intended to provide a private cause of action. Plaintiffs do not proffer any cases to support that this statute creates a private cause of action and the Court could find none. Second, this statute merely extends liability to those who have aided in the commission of an underlying offense. As noted, the alleged underlying offense, § 37.03(a) does not provide an independent civil cause of action, thus any allegation that Defendants aided and abetted the commission of an act that may violate § 37.03(a) does not create an independent civil cause of action. Accordingly, the Court finds that Texas Penal Code §§ 37.03(a) and 7.02(a)(2) do not create private causes of action, and, thus, any civil conspiracy claim brought on this basis must be dismissed.

Counts VI through IX again bring identical causes of action based on nearly identical factual allegations. In these Counts, Plaintiffs allege Defendants engaged in a conspiracy to violate Texas Penal Code §§ 37.09(a)(2) and 7.02(a)(2).[96] And as set forth above, Section 7.02(a)(2) of the Texas Penal Code is Texas's criminal statute for "aiding and abetting," and provides no independent civil cause of action. Additionally, "[t]he Texas Penal Code does not create a private cause of action for violations of § 37.09 (a)(1) and (2)."[97] Thus, Counts VI through IX fail to state an underlying cause of action and Plaintiffs' civil conspiracy claims brought on that basis must be dismissed.

---

[95] Tex. Penal Code § 7.02(a)(2) (emphasis added).
[96] Dkt. No. 4 p. 15, ¶ 88, p. 16, ¶ 95, p. 17, ¶ 102, p. 18, ¶ 109.
[97] *Jenkins v. Ameriquest Mortg. Co.*, No. 3:10-CV-2517-P, 2011 WL 13233172, at *2 (N.D. Tex. Apr. 4, 2011); *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex.App.—San Antonio 2002, no pet.) ("[T]he Texas Penal Code does not create private causes of action."); *see also Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996).

Additionally, nowhere do Plaintiffs allege any underlying tort claims, and even if Plaintiff were to do so, the facts do not give rise to a tort claim because there is no private cause of action for civil perjury under Texas law.[98] Thus, because Plaintiffs do not allege any underlying wrongful claims that would support an independent private cause of action, all their claims for civil conspiracy inevitably fail.

This is sufficient grounds to dismiss all Plaintiffs' claims and Plaintiffs' entire complaint. Accordingly, based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. The Court will nonetheless briefly address Defendants' motion to dismiss under the TCPA.

### a. TCPA Motion to Dismiss

Defendants argue that Plaintiffs' claims should be dismissed pursuant to the TCPA.[99] Defendants do not argue that the second motion to dismiss is in the alternative to the first motion to dismiss, but acknowledge that other courts have held that a dismissal under the TCPA moots a request for dismissal under Rule 12(b)(6).[100] Defendants also make no argument about which of the two motions should be considered first and the effect that granting one motion would have on the other motion.

While the pleading standards for a motion to dismiss pursuant to the TCPA are similar to those under Rule 12(b)(6) dismissal, they are not the same, and indeed some courts have found that these differences preclude the application of the TCPA in federal courts because it amounts

---

[98] *See Whitfield v. Nelson*, No. 3:13-cv-2230-BN, 2014 U.S. Dist. LEXIS 39857, at *9 (N.D. Tex. Mar. 26, 2014); *see also Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 553 (5th Cir. 2012); *Williams v. Williams*, No. 3:12-cv-705-N-BK, 2012 U.S. Dist. LEXIS 122095 at *3 (N.D. Tex. July 27, 2012), rec. adopted, 2012 U.S. Dist. LEXIS 122093 (N.D. Tex. Aug. 28, 2012); *Hill v. Huff*, No. 3:11-cv-2158-M-BD, 2011 U.S. Dist. LEXIS 139021 at *2 n.3 (N.D. Tex. Nov. 15, 2011), rec. adopted, 2011 U.S. Dist. LEXIS 137043 (N.D. Tex. Nov. 29, 2011).
[99] The TCPA is Texas' anti-SLAPP statute. SLAPP stands for "Strategic Lawsuit Against Public Participation." *See In re Lipsky*, 411 S.W.3d 530, 536 n.1, 539 (Tex. App.—Fort Worth 2013).
[100] *See* Dkt. No. 15 p. 3.

to applying state procedural rules in federal courts.[101] In line with this, most courts, when considering concurrent motions to dismiss under Rule 12(b)(6) and the TCPA, considered them as alleged in the alternative and denied as moot the second motion if all claims were dismissed under the first motion.[102]

Here, although the motions were filed on the same day, Defendants' Rule 12(b)(6) motion was filed first.[103] This Court has already concluded that dismissal is warranted as to all of Plaintiffs' claims for failure to state a claim under Rule 12(b)(6), and Defendants did not allege the TCPA motion in the alternative. Accordingly, the Court **DENIES as moot** Defendants' motion to dismiss pursuant to the TCPA.

### IV. HOLDING

For the foregoing reasons, the Court makes the following orders:

- Defendants' motion to dismiss Plaintiffs' complaint for failure to state a claim under Rule 12(b)(6)[104] is **GRANTED**; and Plaintiff's entire action is **DISMISSED WITH PREJUDICE**.

- Defendants' motion to dismiss Plaintiffs' complaint under the TCPA[105] is **DENIED as moot**.

- Plaintiffs' motion for leave to amend the complaint[106] is **DENIED** because amendment would be futile.

---

[101] *See e.g., Cuba v. Pylant*, 814 F.3d 701, 719 (5th Cir. 2016) (dissent J. Graves); *Star Sys. Int'l v. Neology, Inc.*, Civil Action No. 4:18-CV-00574, 2019 U.S. Dist. LEXIS 7366, at *7 (E.D. Tex. Jan. 16, 2019) (finding that that the TCPA, regardless if classified as procedural or substantive, does not apply in federal court); *Fringe Ben. Grp. v. FCE Benefit Adm'rs, Inc.*, No. A-18-CV-369-LY, 2018 U.S. Dist. LEXIS 214849, at *6 (W.D. Tex. Dec. 21, 2018) (holding the TCPA does not apply in federal court, but nonetheless dismissing the claims under Rule 12(b)(6)).

[102] *See, e.g., Walker v. Beaumont Indep. Sch. Dist.*, No. 1:15-CV-379, 2016 U.S. Dist. LEXIS 41408, at *13 (E.D. Tex. Mar. 11, 2016) (declining to address specific a RICO claim under the TCPA because dismissal was warranted under Rule 12(b)(6); *Tu Nguyen v. Duy Tu Hoang*, 318 F. Supp. 3d 983 (S.D. Tex. 2018) (denying Rule 12(b)(6) motions as moot after determining that dismissal was warranted under the TCPA).

[103] *Compare* Dkt. No. 11 (filed at 4:51 p.m.) *with* Dkt. No. 15 (filed at 5:23 p.m.).

[104] Dkt. No. 11.

[105] Dkt. No. 15.

- Defendants' motion for extension of time to reply to Plaintiffs' responses is **DENIED as moot**.

Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 30th day of January, 2019.

_____
Micaela Alvarez
United States District Judge

---

[106] Dkt. No. 6.